# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BAIDA, | Case No. 1:15-cv-00739-SAB-HC |
| Petitioner, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION |
| v. | |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 10, 2015, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of California. (ECF No. 1). On May 12, 2015, the Southern District transferred the instant petition to this Court because Petitioner is presently confined in this district. (ECF No. 2-1).

When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)). Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson,

279 F.Supp. 265, 266 (N.D.Cal. 1968). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

The instant petition attacks a judgment that was entered in the Los Angeles County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 84(c)(2). Petitioner is presently confined at Valley State Prison, located in Madera County, California, which is within the jurisdictional bounds of the Eastern District of California. See 28 U.S.C. § 84(b). Thus, jurisdiction exists in both the Eastern and Central Districts of California. In the instant petition, it appears that Petitioner is alleging that he received ineffective assistance of counsel, that the trial court should have sentenced him to a shorter term, and that he has a claim involving entrapment. As Petitioner's claims involve challenges to his conviction and sentence, venue is proper in the district of conviction, which is the Central District of California, Western Division. Accordingly, this action will be transferred.

Accordingly, IT IS HEREBY ORDERED that the petition is transferred to the United States District Court for the Central District of California, Western Division.

IT IS SO ORDERED.

Dated:   **May 28, 2015**

_____
UNITED STATES MAGISTRATE JUDGE